IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANDREW J. BRICE**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO.: 1:22cv326 TBM-RPM**

**BENNETT MARKETING D/B/A
REV ALTERNATIVE SOLUTIONS
JOHN DOES 1 THROUGH 10
AND CORPORATIONS A THROUGH Z**   **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW, Plaintiff, Andrew J. Brice, by and through his attorney Benjamin U. Bowden of BEN BOWDEN, PC, and files this his Complaint, and would show unto this Honorable Court as follows, to wit:

**PARTIES**

1. Plaintiff, Andrew J. Brice, is an adult resident citizen of the State of Mississippi, residing in Harrison County, Mississippi.

2. Defendant, Bennett Marketing D/B/A REV Alternative Solutions, is a Mississippi corporation that can be served on its Registered Agent, Julie B. Mitchell, at 213 Draperton Drive, Suite A, Ridgeland, Mississippi 39157. This Defendant is an "employer" Within the meaning of the FLSA, 29 U. S. C. Section 203(d), an "enterprise" within the meeting of FLSA, 29 U. S. C. Section 203(r), and is "engaged

in commerce" within the meaning of FLSA, 29 U.S.C. Section 203 (s)(1).

3. Defendants, JOHN DOES 1 THROUGH 10 AND CORPORATIONS A THROUGH Z, are individuals or entities who are unknown, despite due diligence, which may be responsible for the injuries and dangers suffered by Plaintiffs, however, the specific acts of negligence are at this time unknown, and these allegations will be amended as this cause develops and such entities become known.

## JURISDICTION

4. This court has original jurisdiction to hear this complaint and to adjudicate claims stated here in under 28 U. S. C. Section 1331, this action brought under the Federal Fair Labor Standards Act, 29 U. S. C. Section 201 et seq. ( "FLSA"). The venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this district and the defendant is subject to personal jurisdiction in Mississippi.

## SUMMARY

5. This is a simple failure to pay overtime case. The defendant is a Mississippi Corporation licensed to do business in Mississippi, which employed the plaintiff herein as a "head grower" and "store manager." During the Plaintiff's entire course of employment with the defendant, the defendant failed and willfully refused to pay overtime, as the defendant routinely worked well in excess of forty (40) hours per week, often approaching, and surpassing, eighty (80) hours per week. Defendant

only paid Plaintiff a flat $600.00 per week based on $15.00 per hour, forty (40) hours per week. Plaintiff is not an exempt employee.

## FACTUAL ALLEGATIONS

6. As stated above, during the entire course of Plaintiff's employment with Defendant, Defendant paid plaintiff $600 per week based on an hourly rate of $15.00 per hour for forty (40) hours per week, except on the few occasions he worked less than forty (40) hours per week for which he was paid hours worked at $15.00 per hour.

7. The defendant was not an exempt employee because he did not meet the threshold salary/wages of $680.00 per week, and for other reasons to be established pursuant to the FLSA.

8. If the plaintiff worked less than forty (40) hours per week, he would be paid less than $600.00 per week based on the hours he worked at $15.00 per hour.

9. Defendant instructed the plaintiff not to "clock" in or out because the defendant wrongfully represented to the plaintiff that he was an exempt employee and would not be entitled to overtime. But, if the plaintiff wanted, he could keep up his hours worked, he could do so manually. In fact, on a number of occasions, the plaintiff did "clock" in and out, only for said time to be purposefully deleted by the defendant.

10. Defendant never paid the plaintiff for any time worked over forty (40) hours per week and certainly not any overtime as required by the FLSA, even though

the plaintiff regularly worked almost eighty (80) hours per week.

11. These practices violated the provisions of the FLSA. As a result of these unlawful practices, the plaintiff suffered a loss of wages.

12. The defendant showed willful and reckless disregard for the fact that its failure to pay the plaintiff appropriate hours and overtime compensation was in violation of the law, despite repeated requests by the plaintiff to be fairly and lawfully compensated. Defendant refused said requests, only responding that the plaintiff was being paid more than minimum wage.

13. All conditions precedent to the filing of this suit have been satisfied.

## JURY DEMAND

14. Plaintiff exercises his right to and requests a jury trial.

## PRAYER FOR RELIEF

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff would pray that this court grants the following demands:

   a. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the appropriate overtime rate for each hour he worked over forty (40) hours per week;

   b. Judgment against the defendant ruling that its violations of the FLSA were willful;

   c. An equal amount to the wage damages as liquidated damages;

    d. Prejudgment interest;

    e. All costs and attorney fees for the prosecution of this claim;

    f. Leave to amend to add claims under applicable laws, and

    g. For such other and further relief as the court deems just and equitable.

*RESPECTFULLY SUBMITTED*, this the 30th day of November, 2022.

                      PLAINTIFF, ANDREW J. BRICE

BY:    *s/ Benjamin U. Bowden*
           BENJAMIN U. BOWDEN (MSB 3733)
           BEN BOWDEN, PC
           BridgeWater Commons, Suite 204-B
           8927 Lorraine Road
           Gulfport, Mississippi 39503
           Telephone: (228) 896-5652
           Facsimile: (228) 896-5689
           Email: bowden@benbowdenlaw.com
           Cc:    srodgers@benbowdenlaw.com